UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. G&G CLOSED CIRCUIT EVENTS, LLC<br>     Plaintiff,<br><br>vs.<br><br>1. BERRY RUSSELL, INDIVIDUALLY AND D/B/A BIG SMOKE CIGAR CLUB;<br><br>2. BIG SMOKE CIGAR CLUB, LLC, INDIVIDUALLY AND D/B/A BIG SMOKE CIGAR CLUB.<br><br>     Defendants. | Case No. CV-23-392-HE<br><br>COMPLAINT FOR DAMAGES<br><br>DESIGNATION:  PROPERTY RIGHTS |

**PLAINTIFF ALLEGES:**

## JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as

the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception and publication of said property of Plaintiff within the control of the Plaintiff in the State of Oklahoma.

## VENUE

4.     Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Western District of Oklahoma because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5.     The Plaintiff, G&G Closed Circuit Events, LLC is, and at all relevant times mentioned was a Nevada corporation with its principal place of business located at 2925 Green Valley Parkway, Suite D, Henderson, NV 89014. Plaintiff is informed and believes, and alleges thereon that defendant, Berry Russell, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Big Smoke Cigar Club operating at 3719 Springlake Drive, Oklahoma City, Oklahoma 73111.

7.     Plaintiff is informed and believes, and alleges thereon that defendant, Big Smoke Cigar Club, LLC is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Big Smoke Cigar Club operating at 3719 Springlake Drive, Oklahoma City, Oklahoma 73111.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

8. Plaintiff G&G Closed Circuit Events, LLC hereby incorporates by reference all of the allegations contained in paragraphs 1-7, inclusive, as though set forth herein at length.

9. By contract, Plaintiff G&G Closed Circuit Events, LLC paid for and was thereafter granted the exclusive nationwide television distribution rights to *Gervonta Davis v. Rolando Romero WBA World Lightweight Chamnpionship Fight Program,* telecast nationwide which took place on Saturday, May 28, 2022 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

10. Pursuant to contract, Plaintiff G&G Closed Circuit Events, LLC entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Oklahoma, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

11. As a commercial distributor of sporting events, including the Program, Plaintiff G&G Closed Circuit Events, LLC expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

12. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at their Oklahoma City, Oklahoma

location (3719 Springlake Drive).  Said unauthorized interception, publication, exhibition and divulgence by each of the defendants were done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

13.  Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff G&G Closed Circuit Events, LLC had the distribution rights thereto).

14.  By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

15.  By reason of the defendants' violation of Title 47 U.S.C. Section 605*, et seq*., Plaintiff G&G Closed Circuit Events, LLC has the private right of action pursuant to Title 47 U.S.C. Section 605.

16.  As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G&G Closed Circuit Events, LLC is entitled to the following from each defendant:

(a)  Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

(b)  Statutory damages for each willful violation in amount to $100,000.00 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(ii); and also

(c)  The recovery of full costs, including reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

17. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-16, inclusive, as though set forth herein at length.

18. The unauthorized interception, exhibition, publication, and divulgence of the Program by the above named defendants are prohibited by Title 47 U.S.C. Section 553 *et seq.*

19. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

20. By reason of the defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff G&G Closed Circuit Events, LLC has the private right of action pursuant to Title 47 U.S.C. Section 553.

21. As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff G&G Closed Circuit Events, LLC is entitled to the following from each defendant:

   (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii); and also
   (b) Statutory damages for each willful violation in an amount to $50,000 pursuant to Title 47 U.S.C. 553(c)(3)(B); and also
   (c) The recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also
   (d) In the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against defendants, and each of them, and;
2. For reasonable attorney fees pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against defendants, and each of them, and;
2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

                                      Respectfully submitted,

Dated: May 9, 2023            <u>s/Adam Scott Weintraub</u>
                                      Adam Scott Weintraub, OBA #13209
                                      Savage, O'Donnell, Affeldt & Weintraub
                                      1836 South Baltimore Avenue
                                      Tulsa, OK 74119
                                      (918) 582-0582
                                      (918) 599-8444 facsimile
                                      [asw@savagelaw.cc](mailto:asw@savagelaw.cc)
                                      Attorneys for Plaintiff